TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Robert Ewell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Ewell,<br><br>        Plaintiff,<br><br>   vs.<br><br>Performant Recovery, Inc.; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.: `4:14-cv-4096`<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Robert Ewell, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      Plaintiff, Robert Ewell (hereafter "Plaintiff"), is an adult individual residing in Woodbridge, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 N Canyons Pkwy Suite 100, Livermore, California 94551-9480, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiff.  One or more of

the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11. Performant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

12. In or around August of 2014, Performant contacted Plaintiff's mother in an attempt to collect the Debt owed by Plaintiff.

13. Plaintiff spoke with Performant on or about August 18, 2014.  During that conversation, Performant advised Plaintiff that if he did not provide his banking

information to Performant by 5:00 p.m. on August 20, 2014, then Performant would automatically begin garnishing his wages.

14. Performant's above statement was false and misleading because Performant had no present legal ability to automatically garnish Plaintiff's wages without first providing Plaintiff with the proper notices as required by law.

15. Performant failed to send Plaintiff a 30-day letter prior to threatening garnishment.

16. Furthermore, Performant failed to send Plaintiff a written letter within five (5) days of the initial communication with Plaintiff, as required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants communicated with individuals other than Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21.    Defendants made false and misleading representations regarding the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22.    Defendants threatened Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

23.    Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or was not intended to be taken.

24.    Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25.    Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26.    Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

27.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.    Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

COMPLAINT FOR DAMAGES

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 10, 2014          TRINETTE G. KENT


By:   */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Robert Ewell

COMPLAINT FOR DAMAGES